UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08917-RGK-JPR | Date | October 21, 2024 |
|---|---|---|---|
| Title | *Monica Guzman v. Home Depot U.S.A., Inc.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause Re: Amount in Controversy

On September 13, 2024, Monica Guzman ("Plaintiff") filed a Complaint against Home Depot U.S.A., Inc. ("Defendant"), alleging various employment-related violations of California law. (ECF No. 1-1.) On October 16, 2024, Defendant removed the action to this Court on the basis of diversity jurisdiction. (ECF No. 1.) Upon review of Defendant's Notice of Removal, the Court hereby **ORDERS** Defendant to **SHOW CAUSE in writing** that the amount in controversy is satisfied.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Here, Plaintiff seeks compensatory damages, attorneys' fees, and punitive damages. Since Plaintiff's employment was terminated on April 8, 2023, Plaintiff's alleged loss of earnings amount to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08917-RGK-JPR | Date | October 21, 2024 |
|---|---|---|---|
| Title | *Monica Guzman v. Home Depot U.S.A., Inc.* | | |

approximately $62,805. Defendant attempts to make up this difference by pointing to Plaintiff's claims for future lost wages, emotional distress damages, punitive damages, interest, and attorneys' fees and costs. Defendant does not provide any support for these figures, however, and merely assumes that awards in other employment cases are comparable.

Accordingly, the Court finds that Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **SHOW CAUSE in writing** that the amount in controversy is satisfied. Such a response shall not exceed **five pages** and must be submitted within **seven days** of this Order's issuance.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/aa |